# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ALLSTATE INSURANCE COMPANY**                                           **PLAINTIFF**

v.                                          CIVIL ACTION NO. 2:18-CV-194-KS-MTP

**JOE IGNATIUS,** *et al.*                                                **DEFENDANTS**


## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendants' Motion to Abstain and Dismiss [12].

### A.   *Background*

Plaintiff issued a homeowners' insurance policy to Defendants Joe and Joanne Ignatius. Defendants Jamie and Misty Farris filed a lawsuit against the Ignatius Defendants in the Chancery Court of Forrest County, Mississippi, alleging that they breached a real estate contract by making false representations about the condition of the property. The Ignatius Defendants submitted two separate notices of the claim to Plaintiff, demanding indemnity and defense under the policy. Plaintiff denied the claim on both occasions, asserting that there was no coverage under the policy.

Plaintiff filed this declaratory judgment action, requesting that the Court declare that it has no duty to defend or indemnify the Ignatius Defendants against the suit by the Farris Defendants. The Ignatius Defendants filed a Motion to Abstain and Dismiss [12], arguing that the Court should exercise its discretion under the Declaratory Judgment Act to abstain from hearing Plaintiff's claims.

### B.     *Discussion*

When considering whether to decide or dismiss a declaratory judgment action, "a district court must engage in a three-step inquiry. First, the court must determine whether the declaratory action is justiciable." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). "Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented. Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.* The first two steps are not in dispute, but Defendants Joe and Joanne Ignatius argue that the Court should exercise its discretion to abstain from hearing this case.

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). The Fifth Circuit outlined seven nonexclusive factors for district courts to consider when deciding whether to decide or dismiss a declaratory judgment action:

(1) whether there is pending a state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff

2

> to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy;
>
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties in pending.

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388 (5th Cir. 2003).

These factors highlight three general principles underlying the Court's analysis. First, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id.* at 390-91. Second, "[t]he filing of every lawsuit requires forum selection," and "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.* at 391. Third, "[a] federal district court should avoid duplicative or piecemeal litigation where possible." *Id.* Duplicative litigation results in economic waste, and it "may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." *Id.*

  1. *Parallel State Court Proceeding*

First, there is no parallel state court proceeding because "there is no identity

3

of parties or issues in the state and federal court suits." *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998); *see also RepublicBank Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). Plaintiff "is not a party to the state court liability suit," or "in any pending state proceeding related to these events, and it could only bring the insurance issues before the state courts by affirmatively intervening in the pending liability action or commencing a separate, independent declaratory judgment action in state court." *Agora Syndicate*, 149 F.3d at 373. Also, the state court's judgment as to liability has no direct bearing on Plaintiff's duty to defend in the state court action. *Id.* Rather, "an insurer's duty to defend is triggered when the allegations of the complaint reasonably bring a claim within the coverage of its policy." *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 749 F.3d 395, 398 (5th Cir. 2014). Simply put, Plaintiff's obligations under the policy are a separate issue from the determination of liability in the underlying suit.

Defendants urge the Court to apply a more expansive definition of "parallel" proceedings, arguing that the two cases need not share the same parties or issues. Defendants contend that abstention is appropriate if the question of insurance coverage "will as a matter of logic necessarily arise" in the state court proceeding, citing district courts outside this jurisdiction. While "there need not be applied in every instance a mincing insistence on precise identity of parties and issues," *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014), the Fifth

4

Circuit still defines "parallel" actions as "those 'involving the same parties and the same issues.'" *RepublicBank*, 828 F.2d at 1121 (quoting *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973)). The two cases at issue here do not involve the same parties or issues. Plaintiff is not a party to the state court case, and questions regarding its obligations under the policy can not be adjudicated in its absence. Defendants have not even represented that they intend to join Plaintiff as a defendant in the state court case, much less demonstrated that such joinder would be permissible.

"The lack of a parallel state court proceeding [does] not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state court proceeding does not automatically require a district court to dismiss a federal declaratory judgment action." *Sherwin-Williams*, 343 F.3d at 394. But "the presence or absence of a pending parallel state proceeding is an important factor. The absence of any pending related state litigation strengthens the argument against dismissal of the federal declaratory judgment action." *Id*. The Court concludes that this factor – the absence of any parallel state court litigation – weighs heavily in favor of keeping the case. *AXA Re Property & Cas. Ins. Co. v. Day*, 162 F. App'x 316, 320 (5th Cir. 2006) (where the declaratory judgment plaintiff was not a party to the state court action, the district court correctly determined that there was no state action where all disputes could be litigated).

5

## 2. Anticipation of a Lawsuit/Forum Shopping

Next, although Plaintiff likely filed this suit in anticipation of a suit by the Ignatius Defendants, the Court finds that Plaintiff did not engage in improper forum shopping. One purpose of the Declaratory Judgment Act is to "allow potential defendants to resolve a dispute without waiting to be sued . . . ." *Sherwin-Williams*, 343 F.3d at 397. "The mere fact that a declaratory judgment is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court." *Id.* Likewise, "[d]eclaratory judgment actions often involve the permissible selection of a federal forum over an available state forum, based on the anticipation that a state court suit will be filed." *Id.* When an out-of-state plaintiff invokes diversity jurisdiction and exercises its right to file an anticipatory declaratory judgment action, it is not necessarily engaged in "forum shopping." *Id.* at 399. Rather, it is permissibly seeking the protection that diversity jurisdiction provides to out-of-state litigants. *Id.*

There is no evidence that Plaintiff filed this action "in search of more favorable law." *Id.* Mississippi law applies regardless. Likewise, there is no evidence that Defendants have "been restricted from filing state court actions, averting the possibility that [Plaintiff] was engaged in a race to *res judicata*." *Id.* As fervently as Defendants argue that they *could* assert claims against Plaintiff in the state court action, they have not done so. In short, Defendants have not presented any evidence or argument that Plaintiff is engaged in impermissible forum-shopping, other than

6

the fact that it exercised its right to invoke this Court's jurisdiction. That's not enough, and these factors weigh in favor of retaining the case. *AXA*, 162 F. App'x at 321 (where declaratory judgment plaintiff filed action in response to a state-court action, it was not filed in anticipation of state court litigation, and availing itself of diversity jurisdiction did not constitute forum shopping).

   3.   *Equity*

Defendants argue that it would be inequitable to force them to litigate two separate actions. The Court disagrees. Insurance coverage issues are routinely litigated apart from the underlying tort claims. There is no parallel state proceeding in which the insurance coverage issues can be litigated. Plaintiff has not altered a previously selected forum for these issues or gained precedence in time by filing the present action. Defendants are not foreclosed from pursuing their own defense in the underlying case. This factor weighs in favor of retaining the case. *AXA*, 162 F. App'x at 321 (where there is no parallel state proceeding, a declaratory judgment plaintiff did not inequitably gain precedence in time or change a previously selected forum).

   4.   *Convenience*

This Court is located across the street from the Chancery Court of Forrest County, Mississippi, where the state court case is pending. The parties' convenience is not an issue, and this factor weighs in favor of retaining the case.

   5.   *Judicial Economy*

Judicial economy is not an issue because there is no parallel state court

7

proceeding. Plaintiff is not a party to the underlying state court case, and the insurance coverage questions raised here are not at issue there. *Id.* (judicial economy "is not contravened" because the declaratory judgment plaintiff was not a party to the state court proceeding). This factor weighs in favor of retaining the case.

6. *State Judicial Decrees*

Plaintiff is not asking the Court to construe a state judicial decree involving the same parties and entered by the state court in the underlying action. Plaintiff is not a party to the underlying state court action, and the insurance coverage questions raised here are not at issue there. Therefore, this factor weighs in favor of retaining the case. *Id.* (where declaratory judgment plaintiff was not party to the state court action and the state court's ruling would not relate to issues raised in the declaratory judgment action, this factor weighed "strongly" in favor of retaining the case).

7. *Other Factors*

Finally, the Court notes that this case does "not involve novel questions of state law." *Sherwin-Williams*, 343 F.3d at 396. The Court has addressed similar insurance coverage issues on many occasions, and Mississippi law is clear on the standards to be applied.

## C. *Conclusion*

For all these reasons, the Court **denies** Defendants' Motion to Abstain or Dismiss [12]. The Court instructs the parties to contact the chambers of the Magistrate Judge to schedule a case management conference.

SO ORDERED AND ADJUDGED this 29th day of March, 2019.

                                            /s/   Keith Starrett
                                        KEITH STARRETT
                                        UNITED STATES DISTRICT JUDGE